**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP (SBN 237615)
CHRISTOPHER K. PETERSEN (SBN 260231)
JONATHAN P. SLOWIK (SBN 287635)
gknopp@akingump.com
cpetersen@akingump.com
jpslowik@akingump.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:    310-229-1000
Facsimile:    310-229-1001

Attorneys for Defendants
FAMILY DOLLAR STORES, INC.
and FAMILY DOLLAR, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GUNN, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FAMILY DOLLAR STORES, INC., a corporation, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No.  **'14CV1916 GPC BGS**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, 1446, AND 1453**<br><br>[Declarations of Jonathan Slowik and Michele Hartsell, Notice of Party With Financial Interest, Notice of Related Cases, and Civil Cover Sheet filed concurrently]<br><br>Date Action Filed:  May 21, 2014<br><br>(*San Diego County Superior Court, No. 37-2014-00016348-CU-OE-CTL*) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Family Dollar Stores, Inc. and Family Dollar, Inc. ("Defendants") hereby remove to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.  In support thereof, Defendants state as follows:

## BACKGROUND

1. On May 21, 2014, a putative class action was commenced and is currently pending against Family Dollar Stores, Inc. in the Superior Court of California, County of San Diego, as Case No. 37-2014-00016348-CU-OE-CTL, entitled *Kevin Gunn, individually and on behalf of all others similarly situated, Plaintiffs, v. Family Dollar Stores, Inc. a corporation, and Does 1 through 100, inclusive, Defendants*.  On June 17, 2014, Gunn filed an amendment to the complaint, substituting Family Dollar, Inc. for Doe 1.  On July 16, 2014, Defendants were served with the complaint.  *See* Declaration of Jonathan Slowik in Support of Defendants' Notice of Removal of Action ("Slowik Decl.") ¶ 2.  Attached as Exhibit A to the Slowik Declaration are true copies of the Notice of Service of Process, Summons, Complaint, Amendment to Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Electronic Filing Requirements, and Alternative Dispute Resolution (ADR) Information.  *See* Slowik Decl. ¶ 2 & Ex. A.  Attached as Exhibit B to the Slowik Declaration is a true copy of Defendants' Answer to Complaint, filed in San Diego County Superior Court on August 13, 2014.  *See* Slowik Decl. ¶ 3 & Ex. B.  There have been no further proceedings in this action and no other pleadings have been filed and served upon Gunn or Defendants.  *See* Slowik Decl. ¶ 3.

2. Plaintiff Kevin Gunn is a former Family Dollar employee who worked as a Customer Service Representative at a retail store in San Diego, California.  Complaint ¶ 3.  Gunn asserts claims under the California Private Attorneys General Act ("PAGA"), seeking civil penalties for Defendants' alleged failure to provide suitable seating to their retail employees.  *See id.* ¶¶ 11-15.  He purports to bring these claims on behalf of a

putative class that includes all retail employees whose position "involve[d] the operation of a cash register[.]" *Id.* ¶ 5.

3. The Complaint and Summons were served on July 16, 2014. *See* Slowik Decl. ¶ 2 & Ex. A. Defendant's Notice of Removal is timely because it is filed within thirty (30) days of that service. *See* 28 U.S.C. § 1446(b).

BASIS FOR JURISDICTION

4. Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), this Court has original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million (exclusive of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), (d)(5), and (d)(6). These requirements are satisfied here.

5. Class Action. CAFA applies to certain "class actions," which the statute defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute." 28 U.S.C. § 1332(d)(1)(B). Gunn expressly "brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure[.]" *See* Complaint ¶¶ 5-10; *see also id.* ¶ 1 ("This is a class action"). Therefore, CAFA applies. *See Bodner v. Oreck Direct, LLC*, No. C 06-04756, 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where "Plaintiffs' complaint alleges that the action is a class action, and recites the prerequisites to a class action under . . . California Code of Civil Procedure Section 382"); *Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1161 (C.D. Cal. 2013) (denying motion to remand PAGA class action).

6. Class Size. The putative class exceeds 100 members. *See* Complaint ¶ 6 ("Plaintiff is informed and believes that the Class consists of well over 1,000 individuals."); Declaration of Michele Hartsell in Support of Notice of Removal of

Action ("Hartsell Decl.") ¶ 12 (more than 1,600 individuals worked for Family Dollar, Inc. as nonexempt employees in its California retail stores during the relevant period).[1]

7. <u>Diversity of Citizenship Under CAFA</u>.  "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).  Minimal diversity exists if any class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2).

8. The putative class members include citizens of the State of California. Gunn worked and resided in California at all relevant times.  *See* Complaint ¶ 2.  On this basis alone, the Court should find that he is a California citizen.  *See Albrecht v. Lund*, 845 F.2d 193, 194-95 (9th Cir. 1988) (finding citizenship requirement satisfied where complaint contained allegations consistent with diversity and plaintiff failed to contest the petition for removal); *Adams v. Matrixx Initiatives, Inc.*, No. CV-09-1529-PHX-FJM, 2009 WL 313459, at *2 (D. Ariz. Sept. 25, 2009) (denying remand motion and finding diversity of citizenship because plaintiff pled diverse residency and produced no evidence of non-diverse citizenship).

9. During his employment with Family Dollar, Inc., Gunn also maintained a California residential address on file with the Company and worked at a retail store in California, further demonstrating his California citizenship.  *See* Hartsell Decl. ¶ 9; *Lam Research Corp. v. Deshmukh*, 157 F. App'x 26, 27 (9th Cir. 2005) (defendant who lived and worked for plaintiff in Washington was presumptively a Washington citizen, despite his claim that he had changed his domicile from Washington to California); *Bey v. SolarWorld Indus. Am., Inc.*, No. 3:11-cv-1555-SI, 2012 WL 6692203, at *2 (D. Or. Dec. 26, 2012) (residential address provided by employee to employer is prima facie evidence of state citizenship).

---

[1] A defendant may make the requisite showing by setting forth facts in the notice of removal or by affidavit.  *See Lamke v. Sunstate Equipment Co., LLC*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004).

10.     Further, Gunn seeks to represent a class of current and former California employees.  More than 100 putative class members have been continuously employed by Family Dollar, Inc. in California for more than two years.[2]  *See* Hartsell Decl. ¶ 14.  Their long-term, continuous employment in California conclusively establishes that the putative class includes California citizens.  *See Abbott v. Utd. Venture Capital, Inc.*, 718 F. Supp. 823, 826-27 (D. Nev. 1988) (plaintiff was a California citizen primarily because of continuous California residence over multiple years).

11.     By contrast, Family Dollar, Inc. is not a citizen of the State of California.  "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1).  Family Dollar, Inc. is not incorporated in California.  Rather, at the time this action was commenced, Family Dollar, Inc. was (and remains) a corporation organized and incorporated under the laws of the State of North Carolina.  *See* Hartsell Decl. ¶ 2.  Nor is California the state in which Family Dollar, Inc. has its principal place of business.  Rather, as shown below, Family Dollar, Inc.'s principal place of business is in North Carolina.

12.     A corporation's principal place of business is determined under the "nerve center" test.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Under this test, the principal place of business is the state where "a corporation's officers direct, control, and coordinate the corporation's activities."  *Id*.  A corporation's nerve center is a "single place" and "should normally be the place where the corporation maintains its headquarters."  *Id*. at 93.  Relevant factors include where executives reside and maintain offices, where administrative and financial offices are located, where the board of directors meets, where income tax returns are filed, and where day-to-day control over the company is executed.  *See, e.g., Tomblin v. XLNT Veterinary Care, Inc.*, No. 09cv1940 BTM (JMA), 2010 WL 2757311, at *4 (S.D. Cal. July 12, 2010).

---

[2] Family Dollar Stores, Inc. did not employ any individuals in California during the relevant period.  *See* Hartsell Decl. ¶ 15.

13.     Under these criteria, Family Dollar, Inc.'s principal place of business is in North Carolina. Family Dollar, Inc.'s corporate headquarters are in Matthews, North Carolina. *See* Hartsell Decl. ¶ 2. Family Dollar, Inc.'s executive and administrative operations are centrally managed from its North Carolina headquarters, and the Company's executive officers, including the chief executive officer, chief financial officer, chief merchandising officer, and general counsel, maintain their offices in North Carolina. *Id.* ¶ 3. From its headquarters in North Carolina, the Company makes and implements company-wide operating, financial, employee relations, marketing, development, customer care, accounting, and other policy decisions. *Id.* ¶ 4. Moreover, the Company's Board of Directors meetings take place in North Carolina, its financial records are maintained in North Carolina, and its tax returns are filed from North Carolina. *Id.* ¶¶ 5-7; *see also McCauley v. Family Dollar, Inc.*, No. 3:10-CV-363-S, 2010 WL 3221880, at *1 n.2 (W.D. Ky. Aug. 12, 2010) (concluding that Family Dollar, Inc.'s principal place of business is in North Carolina).

14.     Accordingly, this action involves citizens of different states: Gunn, who is a citizen of California (and seeks to represent a class including California citizens), and Family Dollar, Inc., which is a citizen of North Carolina.

15.     <u>Amount in Controversy</u>.  Defendants aver, for purposes of this Notice only, that Gunn's claims place more than $5 million in controversy. The Ninth Circuit has instructed that removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $5 million. *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning previous Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" under some circumstances). This standard is easily satisfied here.

16.     For his First Cause of Action, Gunn alleges that Defendants owe penalties for having failed to provide suitable seating to their California retail employees, as he claims is required by Section 1198 of the California Labor Code and the applicable Industrial Welfare Commission Wage Order. *See* Complaint, ¶¶ 11-16. Under PAGA,

an employer who fails to provide suitable seating in violation of Section 1198 and the Wage Orders may be liable for civil penalties of up to $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation.  *See* Cal. Lab. Code § 2699(f)(2).

17.  Gunn alleges that Defendants failed to provide seats to "Customer Service Representatives, Cashiers, Clerks," and other employees whose positions "involve the operation of a cash register[.]"  Complaint ¶¶ 5, 12.  All of Family Dollar, Inc.'s retail employees in California, except for greeters, operate cash registers.  Hartsell Decl. ¶ 8.  Therefore, under Gunn's theory, Family Dollar, Inc. may be liable for penalties for each pay period worked by each employee.  *See* Complaint ¶ 16; *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205-06 (E.D. Cal. 2008) (court may assume maximum penalty consistent with plaintiff's allegations for purposes of amount in controversy).

18.  Excluding greeters, Family Dollar, Inc. employed more than 1,600 individuals in its California stores between May 21, 2013 and May 21, 2014.[3]  Hartsell Decl. ¶ 12.  These individuals collectively worked approximately 49,000 pay periods during this time.  *Id.* ¶ 13.  Because Defendants could face a civil penalty of at least $100 for each of these 49,000 pay periods, the potential penalties place at least $4.9 million in controversy ($100 × 49,000 = $4,900,000).  This estimate is conservative, given that some courts calculate the amount in controversy based on the $200 penalties for "subsequent" violations.  *See*, *e.g.*, *Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616 AWI SKO, 2010 WL 2793650, at *7 (E.D. Cal. July 15, 2010).[4]

19.  Moreover, this amount does not include the attorneys' fees Gunn seeks (*see* Complaint ¶ 16), which are part of the amount in controversy as well.  *See Galt G/S v.*

---

[3] A one-year statute of limitations applies to claims for civil penalties under PAGA.  *See* Cal. Civ. Proc. Code § 340(a); *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007-08 (N.D. Cal. 2007).

[4] 100 percent of the penalties should count towards the amount in controversy, even though the majority of them would be distributed to the state.  *See Pagel*, 986 F. Supp. 2d at 1160-61.

...

*JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees" in class actions. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Therefore, these fees place at least an additional $1.2 million in controversy given the potential penalties at issue. *See*, *e.g.*, *Rodriguez v. Cleansource, Inc.*, No. 14-CV-0789-L(DHB), 2014 WL 3818304, at *4 (S.D. Cal. Aug. 4, 2014) (denying motion to remand where defendant showed potential damages of $4.2 million because attorney's fees of 25 percent brought the total amount in controversy to $5.3 million); *see also Deaver v. BBVA Compass Consulting & Benefits, Inc.*, No. 13-cv-00222-JSC, 2014 WL 2199645, at *6 (N.D. Cal. May 27, 2014) (accounting for attorney's fees by adding 25 percent of potential damages to amount in controversy); *Giannini v. Nw. Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) (same).

20.     In short, the total monetary relief sought in the Complaint exceeds $6.1 million. Therefore, the amount in controversy requirement is satisfied. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007) (remand denied under preponderance of the evidence standard where defendant's conservative estimates exceeded the requisite amount); *Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM (JMA), 2008 WL 4104475, at *1 (S.D. Cal. Sept. 2, 2008) (amount in controversy satisfied under preponderance of the evidence standard where defendant's estimated putative class size multiplied by statutory penalty for alleged violations exceeded $5 million).

21.     There are no grounds that would justify this Court declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or require it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

## VENUE

22. The United States District Court for the Southern District of California is the judicial district embracing the place where this action was filed by Gunn and thus is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendants request that the above action now pending against it in the Superior Court of California, County of San Diego, be removed to this Court.

Dated: August 14, 2014

**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP
CHRISTOPHER K. PETERSEN
JONATHAN P. SLOWIK

By_____
Gregory W. Knopp
Attorneys for Defendants
Family Dollar Stores, Inc. and
Family Dollar, Inc.