1
2
3
4
5
6
7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  KEVIN GUNN, individually and on behalf of all others similarly situated, | Case No.:  3:14-cv-1916-GPC-BGS |
| 12 | **TENTATIVE ORDER:** |
| 13  Plaintiffs, | |
| 14  v. | **(1) GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS;** |
| 15  FAMILY DOLLAR STORES, INC. et al, | |
| 16  Defendant. | **(2) DENYING LEAVE TO AMEND DEFECTIVE NOTICE** |
| 17 | |
| 18 | |
| 19 | **[ECF No. 27]** |

20

21        On September 30, 2016, Defendant Family Dollar Stores, Inc. ("Family Dollar")

22   filed a motion for judgment on the pleadings to dismiss Plaintiff Kevin Gunn's class

23   action suit brought under the California Labor Code Private Attorneys General Act of

24   2004, Cal. Lab. Code § 2699(a) ("PAGA" or "the Act").  Dkt. No. 27.  The class action

25   complaint,[1] filed on May 21, 2014, asserts that Defendant violated California Labor Code

26   _____

27   [1] The complaint was originally filed in the Superior Court of the State of California for the County of
     San Diego.  Dkt. No. 1-3 at 5.  Defendant removed the civil action from state court on August 14, 2014
28   pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").

§ 1198 and Wage Order 7-2001 § 14 by failing to provide suitable seats to Plaintiff and other current and former employees of Family Dollar.  Dkt. No. 1-3 at 7.[2]  Defendant now seeks to dismiss Plaintiff's PAGA claim for failure to exhaust, arguing that Plaintiff failed to provide adequate notice of his cause of action to the California Labor and Workforce Development Agency ("LWDA").  *See* Dkt. No. 27-1 at 6.  Having considered the parties' submissions and applicable law, the Court **tentatively GRANTS** Defendant's motion and **tentatively DENIES** leave to amend.

## LEGAL STANDARD

### I.   Rule 12(c)

Under Federal Rule of Civil Procedure ("Rule") 12(c),"[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).

The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing — a motion for judgment on the pleadings is typically brought after an answer has been filed whereas a motion to dismiss is typically brought before an answer has been filed.  *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.  *Id.*; *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6), because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.") (internal quotations and citation omitted).  Thus, when deciding a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550

---

[2] All pagination follows the internal pages designated by CM/ECF.

(9th Cir. 1989) (citing *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984); *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967)).  The court construes all material allegations in the light most favorable to the non-moving party. *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios*, 896 F.2d at 1550.  As such, judgment on the pleadings in favor of a defendant is not appropriate if the complaint raises issues of fact that, if proved, would support the plaintiff's legal theory. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

The mere fact that a motion is couched in terms of Rule 12(c) does not prevent the district court from disposing of the motion by dismissal rather than judgment. *Sprint Telephony PCS, L.P. v. Cnty. of San Diego*, 311 F. Supp. 2d 898, 903 (S.D. Cal. 2004) (citing *Amersbach v. City of Cleveland,* 598 F.2d 1033, 1038 (6th Cir. 1979)).  Courts have discretion to grant Rule 12(c) motions with leave to amend. *In re Dynamic Random Access Memory Antitrust Litig.*, 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007).  Courts also have discretion to grant dismissal on a 12(c) motion, in lieu of judgment, on any given claim. *Id.; see also Amersbach,* 598 F.2d at 1038.

## II.    Judicial Notice

Ordinarily, a district court may not consider evidence outside of the pleadings without converting a Rule 12(c) motion into one for summary judgment.  Fed. R. Civ. P. 12(d).  "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Courts may take judicial notice of facts that are "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  Indisputable

facts are those that are "generally known" or that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Id.*

Here, Defendant has requested that the Court take judicial notice of Gunn's letter to the LWDA, received April 7, 2014, alerting the agency of his intent to bring a PAGA lawsuit against Defendant.  Dkt. No. 27-2 at 3.  Plaintiff does not oppose Defendant's request and, in fact, relies on the notice letter in his opposition brief. *See* Dkt. No. 31 at 8.  Because Plaintiff's PAGA claim depends upon the sufficiency of the letter's content and because Plaintiff does not dispute the authenticity of the document, the Court **GRANTS** Defendant's request to take judicial notice of Exhibit 5, Gunn's April 7, 2014 notice letter.

## DISCUSSION

### 1. Statutory Notice

California law endows the LWDA with the power to "assess and collect civil penalties for specified violations of the Labor Code committed by an employer." *Caliber Bodyworks, Inc. v. Superior Court*, 36 Cal. Rptr. 3d 31, 33 (Cal. Ct. App. 2005).  To supplement such government-initiated actions, PAGA also "authorizes aggrieved employees, acting as private attorneys general, to recover civil penalties from their employers for violations of the Labor Code." *Baumann v. Chase Inc. Serv. Corp.*, 747 F.3d 1117, 1119 (9th Cir. 2014); *see also* Cal. Lab. Code § 2699(a).  Accordingly, if and when the LWDA fails to bring an action against an employer for violation of California's labor laws, an employee is permitted to file a "private civil action on behalf of himself or herself and other current or former employees." *Caliber*, 36 Cal. Rptr. 3d at 33.

In keeping with the purpose of PAGA — that is, to allow private citizens to enforce labor violations when the government chooses not to — the Act requires employees to first give "written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."  Cal. Lab. Code § 2699.3(a)(1).  If the LWDA declines to prosecute

the matter, or, if after the statutory-prescribed period, the agency provides no notice of an intent to investigate, the employee may commence a civil action under PAGA. *Id.* "Compliance with the pre-filing notice and exhaustion requirements of the Act is," therefore, "mandatory." *Caliber*, 36 Cal. Rptr. 3d at 384. Or, stated differently, "[b]efore an employee may file an action seeking to recover civil penalties for [Labor Code violations] . . . he or she must comply with the Act's administrative procedures as set forth in section 2699.3, subdivision (a), which include providing notice to the LWDA and the employer and waiting a prescribed period of time to permit the LWDA to investigate and to decide whether to cite the employer for the alleged violations." *Id.* at 370.

Defendant contends that it is entitled to judgment because Plaintiff's April 7, 2014 notice letter failed to include "facts and theories to support the alleged violation." Dkt. No. 27-1 at 7. In other words, Defendant is arguing that the notice provided to the LWDA was deficient. *Id.* at 9. In *Alcantar v. Hobart Serv.*, the court found that notice is insufficient when it provides only "a string of legal conclusions with no factual allegations or theories of liability to support them." 800 F.3d 1047, 1057 (9th Cir. 2015). The letter at issue in *Alcantar* is reproduced below:

> Our offices have been retained by JoseLuis Alcantara [sic] (Plaintiff). Plaintiff is a former employee of ITW Food Equipment Group, LLC aka Hobart Service (Defendant). Plaintiff contends that Defendant (1) failed to pay wages for all time worked; (2) failed to pay overtime wages for overtime worked; (3) failed to include the extra compensation required by California Labor Code section 1194 in the regular rate of pay when computing overtime compensation, thereby failing to pay Plaintiff and those who earned additional compensation for all overtime wages due; (4) failed to provide accurate wage statements to employees as required by Labor Code § 2802; and, (6) failed to provide off-duty meal periods and to pay compensation for work without off-duty meal periods to its California employees in violation of California Labor Code sections 226.7 and 512, and applicable Industrial Welfare Commission orders. Said conduct, in addition to the forgoing, violated each Labor Code section as set forth in California Labor Code section 2699.5.

*Id.* According to the Court, this letter was insufficient because "[t]he only facts or theories that could be read into this letter are those implied by the claimed violations of specific sections of the California Labor Code." *Id.*

The Court agrees with Defendant that Plaintiff's April 7, 2014 notice letter is similarly insufficient. Like the letter deemed inadequate in *Alcantar*, Plaintiff's letter amounts to nothing more than a "string of legal conclusions":

> This office represents Kevin Gunn ("Plaintiff"), who is pursuing a class action lawsuit against Family Dollar Stores, Inc. ("Family Dollar" or "Defendant"), alleging that Family Dollar violated California Labor Code § 1198 and California Wage Order 7-2001, § 14. Pursuant to Labor Code Section 2699.3, we hereby notify you Plaintiff intends to file a Complaint for Damages, on behalf of himself and all other similarly situated current and former employees, against Defendant to seek penalties under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2698, *et seq.* Pursuant to Labor Code Section 2699.3(a)(l), a copy of this letter is also being sent to the California Labor and Workforce Development Agency.
>
> Specifically, Plaintiff alleges that Family Dollar failed to provide suitable seats to Plaintiff and other current and former employees when the nature of their work reasonably permits the use of seats, in violation of California Labor Code section 1198 and Wage Order 7-2001, section 14. Under PAGA, Plaintiff will seek to recover civil penalties and attorneys' fees for violations of California Labor Code Section 1198 and Wage Order 7-2001, section 14.

Exhibit A, Dkt. No. 27-3 at 2-3. There are no facts and no theories included in this letter other than those implied by the claimed violations. Section 1198 of the California Labor Code prohibits employers from employing individuals under conditions that are proscribed by a wage order. Cal. Lab. Code. Industrial Welfare Commission ("IWC") Wage Order 7—2001, § 14 states:

> (A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.
> (B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.

Cal. Code. Regs. Tit. 8, § 11070, § 14.  The notice provided in Plaintiff's letter parrots this statutory language without providing any factual details or any semblance of a theory of liability, as was the case in *Alcantar*.  Accordingly, such notice was insufficient to allow the LWDA to "intelligently assess the seriousness of the alleged violations." *Alcantar*, 800 F.3d at 1057.

The Court's decision is also consistent with the Ninth Circuit's recent opinion in *Green v. Bank of America, N.A.*, 634 F. App'x 188 (9th Cir. 2015), which also concerned a suitable seating violation under Wage Order 7—2001, § 14.  There, the court held that the plaintiff had satisfied PAGA's notice requirement by including no more than: (1) the name of the specific statute violated; (2) facts about the position plaintiffs held; (3) a statement that plaintiffs could use a seat in their position; and (4) a specific identification of who was allegedly harmed.  *Id.*  Here, by contrast, the only fact or detail included in Plaintiff's notice letter is the name of the statute and regulation claimed to be violated and any context implied by them.

Plaintiff offers a number of arguments in support of his position that he complied with PAGA's notice requirement, but the Court is not persuaded by any of them. Plaintiff's main contention is that the facts included in the notice letter were sufficient because they implied other details.  *See* Dkt. No. 31 at 12 (by bringing a claim under Wage Order 7—2001 "LWDA was put on notice that Family Dollar is a wholesaler/retailer and that Plaintiff and the affected employees worked in this capacity."); *id.* ("the letter made clear that Plaintiff was pursuing the case on behalf of "all other similarly situated current and former employees . . . Thus, the letter provided enough information and cannot reasonably be read to include Family Dollar's office employees, all of whom, of course, have seats. Therefore, the positions and job duties covered are self-explanatory and were sufficiently addressed by Plaintiff's letter."); *id.* at 13 ("by providing that the other included employees are similarly situated, the letter

conveys that they performed the same jobs as Plaintiff—i.e., cashiering jobs.[3]  The LWDA and Defendant therefore received sufficient notice of the circumstances of those employees.").  The obvious flaw with this line of argument, however, is that it cannot be squared with *Alcantar*.  Factual details implied by the labor code violations are not sufficient to meet PAGA's notice requirement.  Plaintiff was required to state the "facts and theories" supporting his alleged violations, but did not.  Accordingly, he did not comply with § 2699.3(a)(1).

The Court also rejects Plaintiff's attempts to excuse the level of detail included in his notice letter by claiming that any more detail would have been pointless.  *See id.* at 17 ("Because Seating Claims are by Definition Less Complicated Than Meal Period, Rest Period or Unpaid Wages Claims, the Authorities Cited by Defendant Are Not Persuasive to Show That Plaintiff's Letter Did Not Contain Sufficient Factual Allegations"); *id.* at 15 ("Because at the Time Plaintiff Submitted His PAGA Letter, the State of the Law as to Suitable Seating Was Unsettled, Additional Details Would Not Have Made Sense and Would Not Have Provided any Useful Information to the State Agency or Even the Employer.")  The notice threshold required under PAGA is minimal.  As the Ninth Circuit explained in *Green v. Bank of America*, a plaintiff need not put forth "every potential fact or every future theory" in order to satisfy the statute, (citing *Moua v. Int'l Bus. Machs. Corp.*, 2012 WL 370570, at *3 (N.D. Cal. Jan. 31, 2012)), but rather, just provide enough detail so that the LWDA can "intelligently assess the seriousness of the alleged violations" and to allow the employer to "determine what policies or practices are being complained of," (citing *Alcantar*, 800 F.3d at 1057).  634 F. App'x 188, 191 (9th Cir. 2015).  Plaintiff, however, fails to meet even this low bar because he included no factual detail whatsoever in his notice letter.

---

[3] The Court notes that Plaintiff's notice letter does not, however, state that Plaintiff was a cashier.

1  For these reasons, the Court **tentatively GRANTS** Defendant's motion for

2  judgment on the pleadings.

3  **2. Leave to Amend**

4  In his opposition to Defendant's motion for judgment on the pleadings, Plaintiff

5  requests "leave to amend to provide the LWDA with a more detailed letter to be attached

6  to an amended complaint." Dkt. No. 31 at 22. Defendant opposes this request. Dkt. No.

7  35 at 14. Defendant argues that the Court should not allow Plaintiff to amend because

8  "no amendment can retroactively provide notice that plaintiff failed to provide for

9  purposes of sustaining the instant lawsuit." *Id.* at 15.

10  Rule 15(a)(2) provides that a "court should freely give leave [to amend] when

11  justice so requires." Fed. R. Civ. P. 15(a)(2). Courts typically look at four factors when

12  determining whether it should grant leave to amend: namely, bad faith, undue delay,

13  prejudice to the opposing party, and futility of amendment. *See Ditto v. McCurdy*, 510

14  F.3d 1070, 1079 (9th Cir. 2007). Generally speaking, denying leave to amend is

15  improper unless the complaint cannot be saved by an amendment. *See Miller v.

16  Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (citing *Eminence Capital LLC v.

17  Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

18  Plaintiff asks this Court for leave to amend, but fails to cite to any legal authority

19  in support of his contention that amendment is appropriate under Rule 15(a)(2).

20  Moreover, after conducting independent research, this Court has found that courts have

21  granted PAGA claimants leave to amend only when the plaintiff's complaint failed to

22  adequately plead exhaustion, not when Plaintiff provided defective notice to the LWDA.

23  *Compare Ovieda v. Sodexo Operations, LLC*, 2013 WL 3887873, *5 (C.D. Cal. July 3,

24  2013) (denying plaintiff leave to amend notice to the LWDA because "allowing amended

25  notice to be submitted after the civil action has already been filed defeats the very

26  purpose of the exhaustion requirement, which is to give the LWDA the opportunity to

27  make an informed decision about whether to pursue the matter itself") *and Avilez v.

28  Pinkerton Gov't Servs, Inc.*, 2015 WL 9484453, *20 (C.D. Cal. 2015) (denying plaintiff

leave to amend statutory defective notice) *with Tan v. Grubhub, Inc.*, 171 F. Supp. 3d 998, 1011, 1016 (N.D. Cal. Mar. 22, 2016) (permitting plaintiffs to amend PAGA claim to plead compliance after failing to allege administrative exhaustion in their complaint) *and Varsam v. Lab. Corp. of America*, 120 F. Supp. 3d 1173, 1182-83 (S.D. Cal. 2015) (granting plaintiff leave to amend complaint to allege facts establishing that PAGA's exhaustion requirements had been met).

Ultimately, allowing Plaintiff to amend his complaint will frustrate the purpose of PAGA's statutory notice requirement. The aim of § 2699.3(a)(1) is to ensure that LWDA may "intelligently assess" whether or not to pursue a labor code violation *before* an aggrieved employee brings a PAGA claim. Here, the state agency could not perform any meaningful review of Plaintiff's case because he did not include any facts or theories in support of his alleged violations. This failure to provide statutory notice made Plaintiff's civil action deficient at the time it was filed. That deficiency cannot be cured, now, more than two years after the complaint was filed, by the possibility that the LWDA might choose not to pursue the matter after sufficient notice is provided. Plaintiff has been on notice that his LWDA letter may have been inadequate ever since Defendant asserted "failure to exhaust administrative remedies" as an affirmative defense in its answer. Dkt. No. 1-4 at 5. And yet, not only has Plaintiff made no effort to cure his defective notice until now, but he offers no substantive argument to support his instant request. As such, the Court is inclined to **DENY** Plaintiff's request for leave to amend the defective notice.

////
////
////
////
////
////
////
////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Counsel are advised that the Court's rulings are tentative, and the Court will entertain additional argument at the hearing on December 2, 2016.  The parties shall have a combined total of one hour to present their arguments.  The time shall be divided equally between each side, and counsel shall be responsible for keeping time and reserving time as necessary for response, rebuttal, or both.

**IT IS SO ORDERED.**

Dated:  December 2, 2016

Hon. Gonzalo P. Curiel
United States District Judge